IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-221-BO

| | | |
|---|---|---|
| M.D. RUSSELL CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CONSOLIDATED STAFFING, INC. | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to remand and defendant's motion to dismiss. The appropriate responses and replies have been filed and a hearing was held before the undersigned on February 13, 2020, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling and, for the reasons that follow, both motions are denied.

## BACKGROUND

Plaintiff M.D. Russell Construction (Russell Construction or plaintiff) is a Virginia construction company and defendant Consolidated Staffing (Consolidated) is a temporary staffing agency located in Jacksonville, North Carolina. Russell Construction contracted with Consolidated to provide temporary staff to be used on construction projects in North Carolina, Florida, and Virginia. Russell Construction alleges that Consolidated failed to provide the contracted-for labor, resulting in a loss of income to Russell Construction. Russell Construction further alleges that Consolidated failed to conduct criminal background checks as required, that Consolidated fraudulently billed it both for hundreds of hours of labor never performed and for overtime which was not owed, and that Russell Construction had to spend thousands of dollars to correct deficient work performed by unqualified laborers supplied by Consolidated.

Russell Construction filed this case in Onslow County Superior Court on September 10, 2020, alleging claims for breach of contract, fraud, unfair and deceptive trade practices, conversion, abuse of process, and in the alternative for negligence, negligent misrepresentation, and unjust enrichment. The complaint also seeks a declaratory judgment under North Carolina's Declaratory Judgement Act. The original complaint names Consolidated Staffing, Inc. and Verliance, Inc. as defendants. Plaintiff filed an amended complaint in state court which names Consolidated Staffing, Verliance, and Altus Receivables Management as defendants. Russell Construction seeks remand of this action to Onslow County Superior Court.

After being served with an amended complaint, Consolidated removed the case to this court on the basis of its diversity jurisdiction. Consolidated then filed a motion to dismiss for failure to state a claim and for insufficient process and insufficient service of process. After the case was removed, Russell Construction voluntarily dismissed defendants Verliance and Altus Receivables Management, leaving Consolidated as the sole defendant.

## DISCUSSION

### I. Motion to remand

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Upon removal of a state action to federal court, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Removal of a state court action must occur within thirty days after the receipt, through service or otherwise, of a copy of

the initial pleading, or thirty days after the receipt of any paper from which it may first be ascertained that the case is or has become one which is removable. 28 U.S.C. § 1446(b).

It is undisputed that the Court has subject matter jurisdiction over this matter pursuant to its diversity jurisdiction under 28 U.S.C. § 1332, which provides for jurisdiction over actions where the controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Russell Construction seeks remand of this case on the basis of a procedurally deficient removal. Russell Construction argues that Consolidated was properly served with the original complaint but waited fifty-three days to notice its removal. Where, as here, remand is sought based upon defects in the removal procedure, the court's jurisdiction is not implicated. *Korzinski v. Jackson*, 326 F. Supp. 2d 704, 708 (E.D.N.C. 2004).

Consolidated was served with a copy of the original complaint on September 16, 2019. The diversity of the parties was apparent on the face of the original complaint. On October 1, 2019, Russell Construction filed an amended complaint in Onslow County. The amended complaint added a new defendant, Altus Receivables Management. On October 9, 2019, Russell Construction served a copy of the amended complaint on Consolidated, but the copy which was served had only the odd pages. Missing from the service copy was page six of the amended complaint, which states the citizenship of the newly added defendant Altus Receivables Management. [DE 1-2]. Also missing were pages forty-eight and fifty, which Consolidated contends were necessary to determine the amount in controversy. Consolidated states that it was never served with a complete copy of the amended complaint, but that it obtained a complete copy of the amended complaint and filed its notice of removal within thirty days of that date.

In cases in which diversity jurisdiction is at issue, where details relating to the citizenship of the parties or the amount in controversy are obscured or omitted in the original pleading, such that whether the case is removable does not appear on the face of the complaint, the thirty-day period for removal begins to run upon the receipt of a pleading in which the relevant facts are not obscured. *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal").

In light of the unusual circumstance of service of an amended complaint containing only odd numbered pages and the addition of a new defendant which could have operated to defeat complete diversity, the Court holds that the thirty day period for removal began not on the date that Consolidated was served with the incomplete amended complaint, but rather on the date that it obtained a complete copy of the amended complaint. This holding comports with the reasoning of the court of appeals in *Lovern*. Contrary to Russell Construction's argument, the fact that the original complaint was removable on its face is irrelevant because it filed an amended complaint within thirty days of service of the original complaint on Consolidated. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (filing of amended complaint renders original complaint of no effect).

Accordingly, the motion to remand is denied.

## II. Motion to dismiss

### Rules 12(b)(4) & 12(b)(5)

Consolidates seeks dismissal under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and service of process. North Carolina law governs service in this action as service was made prior to removal.

4

Consolidated was served with the complete original complaint and summons in accordance with the North Carolina Rules of Civil Procedure, which allow for service on a domestic or foreign corporation by service on the registered agent. [DE 22-1]; N.C. Gen. Stat. ¶ 1A-1, Rule 4(j)(6)b; *Benitez v. Maxim Healthcare Servs.*, No. 1:12CV1195, 2013 WL 3441734, at *4 (M.D.N.C. July 9, 2013) (summons addressed correctly to registered agent where name of agent and corporation appear). Russell Construction served Consolidated's registered agent as it appeared in its most recent annual report on file with the North Carolina Secretary of State. [DE 20-2]. Rule 5(b) of the North Carolina Rules of Civil Procedure provides that all pleadings filed subsequent to the original complaint may be served pursuant to Rule 4 or by mailing a copy to the party's attorney of record. N.C. Gen. Stat. § 1A-1, Rule 5(b). Russell Construction elected to make service of the amended complaint on Consolidated under Rule 4, [DE 20-4], but service under Rule 5 would have been sufficient because proper service of the original complaint had been effected. *See, e.g.,* 1 G. Gray Wilson, *North Carolina Civil Procedure* § 5-1 (3rd ed.); *Traina v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 90-4528, 1991 U.S. Dist. LEXIS 14998, at *1 (E.D. La. Oct. 15, 1991).

Because Russell Construction was not required under the North Carolina rules to effect service of the amended complaint in compliance with N.C. R. Civ. P. 4, the Court determines that its service of an incomplete amended complaint does not defeat the Court's personal jurisdiction over Consolidated. *Shaver v. Cooleemee Volunteer Fire Dep't*, No. CIV.A. 1:07CV00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008). While service of an incomplete original complaint may have done so, the Court determines that a defect in service of a pleading under Rule 5 does not carry the same jurisdictional consequences, especially where, as here, the amended complaint did not assert a new cause of action, but merely added a

defendant. *See* 4B Charles Alan Wright et al., *Federal Practice & Procedure Civil* § 1141 (4th ed.). Dismissal for insufficient process or service of process is therefore not warranted.

Rule 12(b)(6)

Consolidated also moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

The amended complaint alleges that in September of 2018 plaintiff contacted Consolidated about providing temporary staffing for home remediations following Hurricane Florence that plaintiff was conducting in the River Landing neighborhood located in Wallace, North Carolina. A September 24, 2018, proposal was executed which included a flat labor rate of $17.55 per hour per employee and provided that drug screening and criminal background

checks would be available on request. A revised proposal was executed on September 25, 2018, to reflect an hourly wage of $23.50 per hour in order to cover overtime costs.

Consolidated was to provide not less than thirty temporary workers to begin work immediately, but Russell Construction alleges that Consolidated failed to provide the number of required workers during the project. Plaintiff further alleges that workers provided by Consolidated engaged in theft and trespass within the River Landing development, and that those workers had criminal histories which would have been disclosed by a criminal background check which Russell Construction had requested be performed. Plaintiff alleges that the criminal conduct cost them future remediation contracts in the River Landing development and tarnished its reputation. Russell Construction alleges that, in addition to providing too few workers, Consolidated failed to provide workers who were trained and qualified for the job, again resulting in extra costs to plaintiff. Plaintiff alleges that it spent $13,000 to remediate subpar work performed by Consolidated's temporary workers.

After Russell Construction complained about remediation costs, Consolidated offered plaintiff a credit of $8,000 on the next invoice, which plaintiff explained would not cover the full amount of the remediation work. Consolidated did not provide a credit of $8,000 or any other amount. Plaintiff alleges that Consolidated also failed to identify a worker who submitted false timesheets; this worker had spent one half-day working for Russell Construction but submitted time sheets with forged signatures reflecting 200 regular hours and 56.5 overtime hours. Russell Construction was billed by Consolidated more than $5,000 for this worker's fraudulent hours, and Consolidated has not credited or adjusted any invoice to account for the overbilling. Russell Construction further alleges that it was billed more than $17,000 based upon unsigned or otherwise unverified time sheets.

Russell Construction further alleges that Consolidated billed it more than $13,000 in overtime charges, despite the fact that Russell Construction had specifically negotiated a higher hourly rate in order to account for overtime. Russell Construction alleges that Consolidated knowingly, deceptively, and fraudulently billed for overtime despite the express agreement. After negotiating regarding contracts for upcoming projects conducted by Russell Construction in Virginia and Florida, Consolidated represented that it would remedy Russell Construction's complaints regarding the number and proficiency of the workers provided as well as Consolidated's billing practices. Consolidated failed to provide Russell Construction with a properly updated final invoice for the River Landing project as promised.

Russell Construction alleges that the Virginia project workers were never secured, despite Consolidated's representations that they could be, and that a revised final invoice was never provided. As a result, Russell Construction terminated its relationship with Consolidated. Plaintiff alleges that Consolidated held workers for the Virginia project back in an attempt to extort plaintiff into paying the full final invoice from the River Landing project. Plaintiff alleges that, notwithstanding its knowledge that the final invoice from the River Landing Project was not collectible in full because it included overcharges, Consolidated referred the final invoice to former defendant Altus for collection. Consolidated later initiated a suit against Russell Construction in Onslow County Superior Court to collect on the debt, alleging that the September 24, 2018, proposal and revised September 25, 2018, proposal had been breached. *See* [DE 22-1]. Consolidated later voluntarily dismissed the Onslow County complaint without prejudice.

Russell Construction's amended complaint alleges claims for breach of contract, fraud, unfair and deceptive trade practices, negligent misrepresentation, negligence, unjust enrichment,

and declaratory judgment. Consolidated has moved to dismiss each of Russell Construction's claims.

*Breach of contract*

A claim for breach of contract under North Carolina law requires a showing first of the existence of a valid contract and second of breach of the terms of the contract. *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). A valid contract requires mutuality of agreement supported by adequate consideration. *Croom v. Goldsboro Lumber Co.*, 182 N.C. 217, 108 S.E. 735, 737 (1921); *Creech ex rel. Creech v. Melnik*, 147 N.C. App. 471, 477 (2001). A breach of contract is actionable where the breach is material, which means that it is "one that substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform." *Long v. Long*, 160 N.C. App. 664, 668 (2003). Failure to comply with a duty assumed by a party to a contract constitutes breach. *Sechrest v. Forest Furniture Co.*, 264 N.C. 216, 217 (1965) (internal alterations and citation omitted).

Consolidated argues that Russell Construction's claims are threadbare and conclusory. The Court has considered the allegations and finds them to be sufficient to nudge the breach of contract claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

The breach of contract claim specifically alleges that both the September 25 proposal and communications exchanged between Russell Construction regarding the River Landing project created a binding and enforceable contract, and that while Russell Construction performed its duties under the contract by timely paying all invoices except for the disputed final invoice, Consolidated failed to perform even its most basic duty, including providing the requested number of appropriately trained workers. Consolidated argues that Russell Construction has

9

failed to identify the material provisions it claims were breached, but the complaint alleges how Russell Construction claims Consolidated breached the September 25 proposal. The complaint further relies on the implied covenant of good faith and fair dealing to support some of its allegations of breach, such as the failure to effectively communicate.

While some of plaintiff's examples of breach listed in its amended complaint are more properly considered in relation to its claims for fraud or unfair and deceptive trade practices, the Court does not view this as being fatal to plaintiff's breach of contract claim. It does appear from the allegations in the amended complaint that, although the complaint discusses other projects performed by Russell Construction, the breach of contract claim arises solely from the River Landing project.

*Fraud*

In order to state a claim for fraud under North Carolina law, a plaintiff must allege that defendant made "(1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage." *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 194 (M.D.N.C. 1997). A claim for fraud requires satisfaction of a heightened pleading standard. Rule 9(b) of the Federal Rules of Civil Procedure requires a party to plead a claim for fraud with particularity. "To meet this standard, [a plaintiff] must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

The amended complaint clearly identifies the time, place, contents, and identity of the person who made the misrepresentation and what he or she obtained thereby; the amended complaint identifies three fraudulent representations and the specifics which make those representations allegedly fraudulent. Additionally, Russell Construction has alleged that Consolidated engaged in fraudulent conduct in order to induce plaintiff to do business with it, which, contrary to Consolidated's argument, the Court concludes is sufficient to plead that Consolidated intended to deceive Russell Construction. The Court concludes that, at this stage and under the plausibility standard, plaintiff has sufficiently pleaded its fraud claim and provided the requisite specificity to satisfy Rule 9(b).

*Unfair and deceptive trade practices*

To state a claim for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, a plaintiff must allege that the defendant (1) committed an unfair or deceptive trade act or practice, (2) the act in question was in or affecting commerce, and (3) the act proximately caused plaintiff harm. *Sessler v. Marsh*, 144 N.C. App. 623, 551 S.E.2d 160 (N.C. Ct. App. 2001). Mere breach of contract, even if intentional, "is not sufficiently unfair or deceptive to sustain an action under the UTPA . . .." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998) (quoting *Branch Banking & Trust Co. v. Thompson*, 107 N.C. App. 53, 418 S.E.2d 694, 700 (1992)). Only where a breach of contract claim is "surrounded by substantial aggravating circumstances" will it support an unfair and deceptive trade practice claim. *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 217 (2007).

Consolidated argues generally that this claim is supported only by conclusory allegations, and correctly argues that the unfair and deceptive trade practices claim cannot be premised on the alleged breaches of the contract. Plaintiff's unfair and deceptive trade practices claim is also

premised, however, on conduct that occurred outside the breach of the contract, specifically Consolidated's persisted attempts to collect the final invoice it allegedly knew was inaccurate, including initiating suit against plaintiff after it had assigned all rights to collect the debt to a third-party. *See Ada Liss Grp. (2003) v. Sara Lee Corp.*, No. 1:06CV610, 2009 WL 3241821, at *8 (M.D.N.C. Sept. 30, 2009). The Court will allow plaintiff's unfair and deceptive trade practices claim to proceed at this time.

*Conversion*

"Conversion, under North Carolina law, is defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *United States v. Whedbee*, 964 F.2d 330, 333 (4th Cir. 1992). A claim for conversion requires a showing of ownership by the plaintiff and wrongful conversion by the defendant. *Gallimore v. Sink*, 27 N.C. App. 65, 67 (1975).

Plaintiff's conversion claim is based upon invoices which it paid but later discovered and informed Consolidated that it had been overcharged. Russell Construction alleges that Consolidated acknowledged the billing errors but failed to refund payments or remediate the issues. Consolidated argues that Russell Construction cannot establish a claim for conversion because it admits that it authorized each of its payments to Consolidated. Consolidated then argues that, because of this, Russell Construction can only establish conversion if it can prove that the payments were obtained through fraudulent means. The Court agrees that "[a] wrongful conversion may occur by fraudulent means." *In re Parker*, Nos. 12-03128-8-SWH, 13-00055-8-SWH-AP, 2015 Bankr. LEXIS 2663, at *49-50 (Bankr. E.D.N.C. Aug. 10, 2015). Because it has

permitted plaintiff's fraud claim to proceed, it will permit plaintiff's conversion claim to proceed as well.

*Abuse of process*

"[A]buse of process is the misuse of legal process for an ulterior purpose. It consists in the malicious misuse or misapplication of that process after issuance to accomplish some purpose not warranted or commanded by the writ." *Fowle v. Fowle*, 263 N.C. 724, 728 (1965) (emphasis omitted). The elements of an abuse of process claim are "(1) initiation by the defendant of an earlier proceeding; (2) lack of probable cause for such initiation; (3) malice, either actual or implied; and (4) termination of the earlier proceeding in favor of the plaintiff." *Semones v. S. Bell Tel. & Tel. Co.*, 416 S.E.2d 909, 912 (N.C. App. 1992).

Russell Construction has alleged that Consolidated initiated the Onslow County lawsuit to recover the final invoice payment which it knew that plaintiff was not liable to pay, and further that it instituted suit after it had assigned all rights to collect payment on the final invoice to a third party. Although Consolidated argues that the allegations to support this claim are conclusory, the Court finds them sufficient to nudge the claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

*Negligent misrepresentation and negligence*

In the alternative, Russell Construction alleges claims for negligent misrepresentation and negligence. Consolidated argues that plaintiff has failed to state its negligence claims, that they are barred by the economic loss doctrine, and that the negligence claim is further barred by plaintiff's contributory negligence.

To state a claim for negligent misrepresentation, a plaintiff must allege facts demonstrating, with particularity, that they (1) justifiably relied (2) to their detriment (3) on

13

information prepared without reasonable care (4) by someone who owed them a duty of care. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (N.C. 1988); *see also Breeden*, 171 F.R.D. at 202 ("a claim for negligent misrepresentation falls within Rule 9(b)['s] requirement for pleading with particularity"). "Justifiable reliance is an essential element of both fraud and negligent misrepresentation." *Helms v. Holland*, 478 S.E.2d 513, 517 (N.C. 1996). The elements of a claim for negligence under North Carolina law are a legal duty, breach thereof, and injury proximately caused by the breach. *See, e.g., Bridges v. Parrish*, 366 N.C. 539, 541 (2013).

Generally, pursuant to North Carolina's economic loss rule, "a breach of contract does not give rise to a tort action by the promisee against the promisor." *N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co.*, 294 N.C. 73, 81 (1978), *rejected in part on other grounds by Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs.*, Inc., 313 N.C. 230 (1985). The economic loss rule does not, however, bar tort claims based on independent legal duties. *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 164 (4th Cir. 2018). "What matters is not whether a plaintiff has alleged a negligence tort or an intentional tort, but whether the defendant has breached some duty other than a contractual duty, such that the tort claim is identifiable and distinct from the breach of contract claim." *Id.* at 167 (citations omitted).

Plaintiff identifies as the basis of its negligent misrepresentation claim Consolidated's statements related to projects in Florida and Virginia, for which there was no contract and thus the economic loss rule is not implicated by those claims. Plaintiff has further alleged negligent misrepresentation as an alternative to its fraud claim. As the Court has allowed plaintiff's fraud claim to proceed, so will it allow the alternative negligent misrepresentation claim to proceed at this time.

As to its negligence claim, Russell Construction argues that this claim is premised not on the River Landing contract, but on the duty of care which arose between Consolidated and its customer, Russell Construction, because of the contract. *See Firemen's Mut. Ins. Co. v. High Point Sprinkler Co.*, 266 N.C. 134, 140 (1966). "A duty of care may arise out of a contractual relationship, 'the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract.'" *Olympic Prod. Co., A Div. of Cone Mills Corp. v. Roof Sys., Inc.*, 88 N.C. App. 315, 322 (1988) (citation omitted).

The amended complaint identifies a number of alleged failures by Consolidated which fell below its duty of ordinary care, including the failure to communicate with plaintiff about the quantity, quality, cost, and competence of the temporary workers it could supply. Plaintiff further alleges that it was damaged by Consolidated's breach as reflected in, among other things, its expenses, lost profits, and lost opportunities due to Consolidated's failures. Plaintiff has sufficiently pleaded that Consolidated failed to perform its duty of ordinary care to fulfill its obligations under the September 25 proposal. As to Consolidated's assertion of the defense of contributory negligence, the Court will not, in this posture and construing the complaint in the light most favorable to plaintiff, determine whether the defense of contributory negligence would bar Russell Construction's claims.

*Quantum meruit/unjust enrichment*

"The underlying purpose of allowing *quantum meruit* recovery is two-fold, i.e. to prevent the breaching party from being unjustly enriched and to restore the aggrieved party in the contract to the position he occupied prior to entry into the contract. *Quantum meruit* merely seeks to return to the plaintiff the reasonable value of the services and goods provided to the

defendant." *W.F. Magann Corp. v. Diamond Mfg. Co.*, 775 F.2d 1202, 1208 (4th Cir. 1985). To recover on a claim for unjust enrichment, the plaintiff must show that it conferred a benefit on another party, which was consciously accepted by the other party as a benefit, and, as applicable here, that the benefit was not gratuitously conferred. *Booe v. Shadrick*, 322 N.C. 567, 570 (1988).

Here, Russell Construction's unjust enrichment claim is based upon its allegation that it has paid for services but not received the services requested in return. Thus, plaintiff seeks, as an alternative to its contract remedies, an order requiring Consolidated to disgorge the difference between the fair market value of the temporary staffing services it provided to plaintiff and the value of the total amount plaintiff paid. Accepting plaintiff's allegations as true, Russell Construction did not receive the service that it paid for. The unjust enrichment claim may proceed.

*Declaratory judgement*

Finally, Russell Construction has alleged a claim for declaratory judgment under North Carolina law, seeking a declaration that plaintiff and Consolidated entered into a valid and binding contract which included the terms as alleged in the amended complaint, that Consolidated is not permitted to collect any amount from Russell Construction on the final invoice, and that Russell Construction is owed in excess of one quarter of a million dollars from Consolidated.

In light of the foregoing allowing the direct action to proceed in its entirety, the Court permits plaintiff's declaratory judgment to proceed at this time as well. Such claim may be disposed of if necessary at summary judgment. *Johnson v. Brock & Scott, PLLC*, No. 5:11-CV-

474-F, 2012 U.S. Dist. LEXIS 140713, at *10 (E.D.N.C. Sep. 26, 2012) (declaratory judgment action and direct action on exact legal issues are duplicative).

In sum, Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). The amended complaint provides Consolidated with fair notice of the claims and the grounds upon which they rest, and further satisfies the plausibility standard. Dismissal of the amended complaint or any claims therein is not warranted at this time.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court concludes that remand of this action is not necessary and that Russell Construction has stated plausible claims upon which relief may be granted. The motion to remand [DE 19] and the motion to dismiss [DE 6] are therefore DENIED.

SO ORDERED, this **30** day of March, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE