IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:19-CV-221-BO

| | |
|---|---|
| M.D. RUSSELL CONSTRUCTION, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CONSOLIDATED STAFFING, INC., et al. | ) |
| Defendant. | ) |

This matter is before the court on the motion by defendant Consolidated Staffing, Inc. ("defendant") for sanctions against plaintiff M.D. Russell Construction, Inc. ("plaintiff") pursuant to Fed. R. of Civ. P. 37, with supporting memorandum. [DE-56, -57]. Plaintiff filed a response in opposition to defendant's motion. [DE-62]. The motion [DE-56] was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). A hearing was held before the undersigned on February 18, 2022 in Raleigh, North Carolina ("February 18, 2022 hearing"). Counsel were present on behalf of the parties and argued their respective positions on the instant motion. For the reasons stated below, the motion for sanctions pursuant to Fed. R. Civ. P. 37 is denied.

## I. RELEVANT BACKGROUND

Plaintiff, a Virginia construction company, contracted with defendant, a temporary staffing agency located in Jacksonville, North Carolina, to provide temporary staff to be used in construction projects in North Carolina, Florida, and Virginia. Plaintiff alleges that defendant: failed to provide the contracted-for labor, resulting in a loss of income to plaintiff; failed to conduct required criminal background checks; fraudulently billed plaintiff for unperformed labor and overtime; and provided unqualified laborers who performed deficient work, costing plaintiff

thousands of dollars to correct. On September 10, 2019, plaintiff filed this case in Onslow County Superior Court alleging claims for breach of contract, fraud, unfair and deceptive trade practices, conversion, and abuse of process, and in the alternative, for negligence, negligent misrepresentation, and unjust enrichment. On November 8, 2019, defendant removed the case to this court on the basis of diversity jurisdiction. [DE-1].

On May 14, 2020, the court issued a scheduling order setting case deadlines, including, among others, that discovery be completed by February 19, 2021. [DE-35]. On January 12, 2021, the parties jointly moved to extend the deadlines. [DE-41]. In the joint motion, the parties describe their ongoing discovery efforts in this case, including: the exchange of written discovery requests and responses, the agreed upon extensions of time by each party in order to allow the other additional time to provide responses to certain discovery requests, and the efforts to meet and confer when defendant found that plaintiff's responses "did not adequately provide the information and documents sought . . . ." *Id.* at 4. The parties also noted that "[i]n response to Defendant's meet and confer efforts, Plaintiff provided supplemental responses . . . ." *Id.* On January 19, 2021, the court granted the motion and ordered that discovery be completed by May 21, 2021 and any potentially dispositive motions be filed by June 25, 2021. [DE-42].

On May 18, 2021, the owner and president of M.D. Russell Construction, Michael D. Russell ("Mr. Russell"), was deposed in his personal capacity by defendant. *See* [DE-57-8]. During the deposition, documents were identified that had not previously been provided to defendant. Mr. Russell's deposition was not concluded and remained open, as confirmed by the parties at the February 18, 2022 hearing.

The following day, May 19, 2021, Mr. Russell was then deposed by defendant pursuant to Fed. R. Civ. P. 30(b)(6), as the corporate designee of plaintiff. *See* [DE-57-9]. Defendant had

identified the topics for this deposition in a notice served on plaintiff on May 5, 2021. [DE-57-13]. Before and during the Rule 30(b)(6) deposition, plaintiff's counsel provided the documents identified during the May 18, 2021 deposition via three emails sent to opposing counsel on May 19, 2021 at 9:15 am, 10:01 am, and 1:35 pm. [DE-62-11]. The Rule 30(b)(6) deposition was not concluded and remained open, as confirmed by the parties at the February 18, 2022 hearing.

On June 3, 2021, defendant's counsel sent a letter to plaintiff's counsel demanding, in part, explanations for "why [plaintiff] withheld a significant number of responsive documents until the day of M.D. Russell's 30(b)(6) deposition" and "why Mr. Russell was not prepared to sufficiently testify regarding all of the 30(b)(6) topics noticed by [plaintiff]." *See* [DE-57-10, -62-12]. Defendant's letter included a list of documents and information identified in Mr. Russell's deposition, and requested that all the information be provided to defendant by June 10, 2021.

On June 11, 2021, plaintiff's counsel sent a letter to defendant's counsel in response. [DE-57-11, 62-13]. In the letter, plaintiff's counsel provided itemized responses to each of defendant's requests.

On June 25, 2021, defendant filed two motions – the instant motion for sanctions against plaintiff [DE-56], and a motion for summary judgment [DE-53]. As confirmed by the parties at the February 18, 2022 hearing, there was no further communication between the parties regarding plaintiff's May 19, 2021 and June 11, 2021 productions (collectively, "May/June 2021 productions") or Mr. Russell's still-open depositions, prior to defendant's filing the instant motion for sanctions.

## II. DISCUSSION

In its motion, defendant argues that plaintiff should be sanctioned for two reasons: (1) pursuant to Fed. R. Civ. P. 37(c) for failing produce relevant responsive documents in a timely

3

manner, and (2) pursuant to Fed. R. Civ. P. 37(d) for failing to produce an adequately prepared 30(b)(6) designee. Defendant asks the court to sanction plaintiff by awarding "attorney's fees and costs for pursing the discovery and preparing for and taking depositions after being informed [plaintiff] produced all responsive documents, by barring [plaintiff] from introducing any material it failed to timely disclose, and by issuing any other relief the Court deems appropriate." Def.'s Mem. [DE-57] at 1. Each basis for defendant's motion for sanctions is discussed below.[1]

### A. Sanctions pursuant to Fed. R. Civ. P. 37(c) for failure to produce information and documents

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Parties must respond truthfully, fully, and completely to discovery or explain truthfully, fully, and completely why they cannot respond." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014) (citation omitted). Under Rule 37:

> if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37. Where a party fails to provide information as required by Rule 26 (a) or (e),

---

[1] At the outset, the court notes that defendant here likely did not satisfy the "meet and confer" requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.1(c)(2). Each rule requires that prior to bringing a discovery motion, the movant must, in "good faith," attempt to confer and resolve the discovery dispute prior to seeking court intervention. Prior to filing the instant motion, defendant only sent a written demand letter to plaintiff, requiring that plaintiff remedy all alleged discovery deficiencies by June 10, 2021. *See* Demand Letter [DE-57-10]. Albeit a day later than defendant's imposed deadline, plaintiff responded to this letter on June 11, 2021. *See* Response Letter [DE-57-11]. Following this correspondence, no additional communications occurred between the parties. As noted by plaintiff, this lack of "any meaningful discussion regarding the alleged deficiencies" likely "deprived plaintiff and its counsel of any meaningful opportunity to resolve any of the alleged deficiencies cited by defendant in the Sanctions Motion." Pl.'s Mem. [DE-62] at 6.

4

that party faces the automatic sanctions of Rule 37(c)(1) "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The court has "broad discretion" to determine whether an untimely disclosure is substantially justified or harmless. *Hill v. Coggins*, 867 F.3d 499, 507 (4th Cir. 2017) (quotation omitted); *see also Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In determining whether to exclude untimely disclosure of documents, courts consider five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture*, 867 F.3d at 597. The court has broad discretion to select the appropriate remedy in light of the totality of the circumstances. *See id.* at 595; Fed. R. Civ. P. 37(c)(1). Furthermore, "[t]he burden of establishing [the *Southern States*] factors lies with the nondisclosing party." *Wilkins*, 751 F.3d at 222.

As a threshold matter, the exchange of written requests for production and responses between the parties is thoroughly documented through the largely overlapping exhibits attached to both defendant's memorandum [DE-57-1 through DE-57-13] and plaintiff's response [DE-62-1 through DE-62-13]. The parties do not dispute the chronology of the production of the documents and information at issue. At the February 18, 2022 hearing, the parties informed the court that they had recently conferred, pursuant to the court's order scheduling the hearing, regarding the resolution of any outstanding discovery matters. Counsel for both parties agreed, in essence, that there was no outstanding discovery dispute necessitating the court's involvement, and that the remaining question before the court is the "consequentiality" of plaintiff's May/June 2021

5

productions to defendant. As such, the court applies the five *Southern States* factors in determining whether the untimely disclosure was substantially justified or harmless.

As for the first factor, plaintiff surprised defendant with its untimely disclosure of the disputed documents. Several previously unproduced documents were identified during the depositions of Mr. Russell on May 18, 2021 and May 19, 2021. Plaintiff failed to produce these documents in either its initial discovery production on November 23, 2020, or its supplemental responses on January 11, 2021 or May 11, 2021. Plaintiff acknowledges that documents were identified, but argues that "most of [the documents] were outside the scope of the requests for production that were propounded upon Plaintiff . . . ." Pl.'s Mem. [DE-62] at 3.

As for the second factor, although untimely, the documents were provided almost immediately to defendant after the documents were identified at the depositions. Specifically, a number of documents were produced by plaintiff's counsel within twenty-four hours of the documents being discovered. After receiving a Rule 37 letter on June 3, 2021, plaintiff's counsel then produced additional documents to defendant on June 11, 2021. Following this last production, it is now largely undisputed that defendant has received all responsive documents.[2] Because of plaintiff's prompt disclosure of documents upon learning of the deficiency, defendant received the documents identified during the May 18, 2021 deposition prior to the close of discovery in this case. Defendant did not file its motion for summary judgment until several weeks after receiving the May/June 2021 productions. *See* Mot. for Summ. J. [DE-54]. Thus, the surprise here was effectively cured.

---

[2] In its memorandum, defendant identifies four categories of documents not produced as of the memorandum's filing. *See* Def.'s Mem. [DE-57] at 3. However, as of the February 18, 2022 hearing, the only potentially undisclosed documents remaining appear be those in the "hardcopy file" of the M.D. Russell Landing Project. Plaintiff maintains that this is merely a hardcopy version of the electronic documents that defendant has already received, and does not contain any additional undisclosed documents.

6

As for the third factor, allowing the documents into the record would not disrupt a trial in this case. To date, no trial has been scheduled in this case.

As for the fourth factor, the importance of the documents here is largely contested by the parties. Plaintiff maintains that the documents "are not important or critical evidence . . . ." Pl.'s Mem. [DE-62] at 8. Defendant argues that the "documents are responsive . . . and are relevant to the parties' claims and defenses." Def.'s Mem. [DE-57] at 3. In particular, "some documents contain exculpatory evidence supporting [its] defenses, but contradicting [plaintiff's] allegations and sworn testimony." *Id.* at 7. Defendant, however, did not mention nor include the documents in its motion for summary judgment despite receiving the documents two weeks prior to filing its motion. It is likely that defendant would have included such documents in a potentially dispositive motion, if they were of critical importance.

Finally, as for the fifth factor, plaintiff's explanation for failing to disclose the documents is satisfactory. As both parties acknowledge, plaintiff's current counsel was not the initial attorney in this matter. At the February 18, 2022 hearing, plaintiff's current counsel proffered that, like defendant, he was unaware of the undisclosed documents prior to Mr. Russell's depositions. Plaintiff's counsel proffered that the documents were not included in the case file transferred from plaintiff's prior attorney. On the other hand, plaintiff itself believed that all such documents were provided to its prior attorney, and relied on its prior attorney to either disclose the documents or transfer the documents to plaintiff's current counsel. The court also notes that plaintiff attempted to rectify its mistake by providing a number of documents within twenty-four hours of discovering the documents. Plaintiff also provided additional documents to defendant on June 11, 2021, following the June 3, 2021 letter from defendant. In its correspondence, plaintiff, "in good faith[,] . . . provided a detailed explanation of the particular concern raised by defendant, identified, by

7

bates number, where the particular document had been previously-produced and, although not required, produced documents that had not been requested by Defendant . . . ." Pl.'s Mem. [DE-62] at 4. Although not a complete excuse for plaintiff's failure to timely disclose all relevant documents, the court finds plaintiff's explanation satisfactory.

Upon review of the five *Southern States* factors, the court finds that the factors weigh in plaintiff's favor. Accordingly, the court DENIES defendant's motion for sanctions relating to plaintiff's failure to produce documents.

### B. Sanctions pursuant to Fed. R. Civ. P. 37(d) for failure to produce a prepared corporate designee for a deposition under Fed. R. Civ. P. 30(b)(6)

Fed. R. Civ. P. 30(b)(6) allows a party to name a corporation as a deponent. The named corporation must then designate a witness or witnesses to testify on its behalf, and those witnesses must testify about information "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "If the designated witness does not have personal knowledge of the deposition topics, the corporation must prepare the witness to give 'knowledgeable and binding answers for the corporation.' Thus, a Rule 30(b)(6) witness must be prepared to testify beyond matters in which the witness was personally involved." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (citations omitted).

Defendant argues that plaintiff "also failed to satisfy its duty to produce a prepared 30(b)(6) designee." Def.'s Mem. [DE-57] at 4. Specifically, defendant argues that the "designee, Mr. Russell, repeatedly failed to provide substantive answers and repeatedly testified [another individual] possessed the responsive information." *Id.* In support of its argument, defendant points to nine "specific instances," allegedly highlighting the designee's unpreparedness. *Id.* Defendant further argues that plaintiff's "counsel improperly sought to limit the deposition to the designee's

personal knowledge . . . ." *Id.* at 10. However, plaintiff argues that its designee:

> Mr. Russell, in advance of the Rule 30(b)(6) Deposition and utilizing the topics identified by Defendant, engaged in a thorough and expansive review of Plaintiff's electronic and physical records, files, communications, and documents relating to the River Landing Project, the written discovery responses and document production provided by Plaintiff, and conducted meetings and interviews of its employees, including its secretary, Naomi Ledbetter and the main supervisors that were responsible for overseeing the River Landing Project, Russell Durbin and Nick Durbin, and several conferences with Plaintiff's counsel.

Pl.'s Mem. [DE-62] at 9. Plaintiff also maintains that the designee provided "full and complete answers" to all topics that the designee was required to have knowledge of. *Id.* at 9-10.

After reviewing the deposition transcripts and the arguments made by each party, the court finds that Mr. Russell was adequately prepared as plaintiff's designee. As highlighted by plaintiff, the record evinces that the designee did provide answers to substantially all of defendant's questions. The record further evinces that the designee reviewed relevant documents and spoke with other persons who may have relevant information, in preparation of the deposition. "Although Rule 30(b)(6) requires that [a] designee possess knowledge about the noticed topics, '[a]bsolute perfection is not required." *Walls v. Ford Motor Co.*, No. 1:20cv98, 2021 WL 1723154, at *6 (M.D.N.C. Apr. 30, 2021) (second alteration in original) (quoting *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012)). Indeed, "[t]he mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation" *Id.* It is also noteworthy here that the Rule 30(b)(6) deposition was left open well after the initial date of the deposition. *See* Pl.'s Mem. [DE-62] at 2. However, defendant did not attempt to further depose plaintiff's designee on any unanswered topics.

Accordingly, the court DENIES defendant's motion for sanctions relating to plaintiff's

9

failure to produce a prepared Rule 30(b)(6) designee.

### III. CONCLUSION

For the reasons set forth above, defendant's motion for sanctions pursuant to Rule 37 [DE-56] is DENIED.

SO ORDERED, this 21st day of March, 2022.

_____
Brian S. Meyers
United States Magistrate Judge