IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-221-BO

M.D. RUSSELL CONSTRUCTION, INC., )
                  Plaintiff, )
                               )
v.                              )          O R D E R
                               )
CONSOLIDATED STAFFING, INC., )
                  Defendant. )

This cause comes before the Court on defendant Consolidated Staffing's supplemental motion for attorney fees. [DE 122]. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion is denied.

BACKGROUND

The Court presumes familiarity with the general factual and procedural background of the case. On March 23, 2022, the Court granted defendant's motion for summary judgment, denied plaintiff's motion for partial summary judgment, and directed entry of judgment in defendant's favor. [DE 103]. Judgment entered the same day. [DE 104]. Defendant filed a motion for attorney fees after which plaintiff noticed a direct appeal. The Court denied the motion for attorney fees without prejudice to refiling following issuance of the mandate of the court of appeals. [DE 118].

By unpublished opinion filed December 20, 2023, the court of appeals affirmed this Court's judgment. [DE 119]. Mandate issued on January 11, 2024. [DE 121]. Defendant thereafter filed the instant supplemental motion for attorney fees pursuant to Fed. R. Civ. P. 54(d)(2) and N.C. Gen. Stat. § 75-16.1. [DE 122]. Defendant seeks $107,237.18 in attorney fees arising from the

appeal, $376,039.21 in attorney fees arising from the district court case, and $7,762.07 representing contractual attorney fees.[1]

### DISCUSSION

There is "a general practice of not awarding fees to a prevailing party absent explicit authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). Here, defendant seeks an award of attorney fees under North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), which permits a prevailing party to recover reasonable attorney fees

> upon a finding by the presiding judge that:
> (1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or
> (2) The party instituting the action knew, or should have known, the action was frivolous *and* malicious.

N.C. Gen. Stat. § 75-16.1 (emphasis added).

"A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of it. A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." *Blyth v. McCrary*, 184 N.C. App. 654, 663 n.5 (2007) (internal quotations, citations, and alterations omitted). In awarding attorney fees under § 75-16.1, a court's decision must be supported by findings of fact. *Id.* at 664. Whether to award attorney fees under the UDTPA is within the court's discretion. *Birmingham v. H & H Home Consultants & Designs, Inc.*, 189 N.C. App. 435, 442 (2008)

Defendant argues that plaintiff knew or should have known that its action was frivolous and malicious, and that defendant is therefore entitled to its reasonable attorney fees. Defendant

---

[1] The $7,762.07 in contractual attorney fees, representing 20% of the amount awarded to defendant on its counterclaim, has been awarded in the judgment. [DE 104]. The Court has not been presented with a basis for awarding this amount again in a separate attorney fee judgment, and thus declines to do so.

2

contends that because plaintiff's UDTPA claim overlapped with its other claims, such that they were inextricably interwoven, the Court should award defendant all of its reasonable defense fees and not limit its award of fees to its successful defense against plaintiff's UDTPA claim. *See Laschkewitsch v. Legal & Gen. Am., Inc.*, No. 5:15-CV-251-D, 2017 WL 4976442, at *3 (E.D.N.C. Nov. 1, 2017).

Here, the Court denied defendant's motion to dismiss plaintiff's UDTPA claim under Fed. R. Civ. P. 12(b)(6) after conducting a hearing on the motion. The court of appeals later upheld this Court's determination that Virginia, rather than North Carolina, law applied to plaintiff's unfair and deceptive trade practice claim. [DE 119 at 15-16]. Thus, despite that it was at a later stage determined to be "legally insufficient[,]" the Court does not conclude that the UDTPA claim was frivolous. *Hatteras/Cabo Yachts, LLC v. M/Y Epic*, No. 4:17-CV-00025-BR, 2021 WL 5855818, at *2 (E.D.N.C. Dec. 9, 2021); *see K-Flex USA, L.L.C. v. Armacell, LLC*, No. 5:17-CV-279-BO, 2019 WL 1028521, at *2 (E.D.N.C. Mar. 4, 2019). Because the Court has determined that plaintiff's UDTPA claim was not frivolous, it need not decide whether the claim was also malicious. The Court thus, in its discretion, denies defendant's request for attorney fees under the UDTPA.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's supplemental motion for attorney fees [DE 122] is DENIED.

SO ORDERED, this __29__ day of August 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3