IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-00221-BO

| | |
|---|---|
| M.D. RUSSELL CONSTRUCTION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONSOLIDATED STAFFING, INC., et al. | ) |
| , | ) |
| Defendants. | ) |

**ORDER**

This matter is before the clerk on the supplemental bill of costs [DE-124] filed by defendant For the reasons set forth below, the bill of costs is GRANTED in part.

**BACKGROUND**

Plaintiff filed suit against defendant and other entities in Onslow County Superior Court, State of North Carolina, and later amended its complaint. Defendant removed the action to this court on November 8, 2019 [DE-1]. Defendant answered the amended complaint and asserted counterclaims against plaintiff [DE-32].

In an order filed March 23, 2022, the court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment, and directed the clerk to enter judgment in defendant's favor on plaintiff's claims as well as on defendant's counterclaim for breach of contract in the amount of $38,810.37 plus attorney's fees of 20% of the invoiced amount [DE-103]. The clerk entered judgment accordingly that same day [DE-104].

Defendant timely filed an application for costs [DE-105] seeking $400.00 in costs for fees of the clerk under 28 U.S.C. 1920(1) and $8,165.35 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case under § 1920(2). Plaintiff thereafter filed a notice of appeal [DE-108] and a response in opposition to the application for costs [DE-111],

contending that the determination of the application of costs should be deferred until after the resolution of the appeal and contesting the taxation of certain costs associated with deposition transcripts. Defendant timely filed a reply [DE-113]. On August 29, 2022, the court issued an order that inter alia, denied defendant's application for costs without prejudice to refiling at the conclusion of the appeal, and stated that the parties may incorporate the previously filed application and briefing by reference [DE-118].

Thereafter, the Fourth Circuit Court of Appeals issued an unpublished opinion affirming this Court's judgment [DE-119]. The mandate issued on January 11, 2024 [DE-121] and defendant timely filed the supplemental motion for bill of costs [DE-124], incorporating the previously filed application for costs and seeking an additional $285.14 in fees for the costs of printing copies of its appellate briefing as required by the Fourth Circuit Court of Appeals. Plaintiff did not respond to the supplemental motion for bill of costs.

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441- 42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11- CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). Additionally, Federal Rule of Appellate Procedure 39 governs taxation of costs incurred during appeals.

2

In this case, defendant seeks (1) $400.00 for fees of the clerk under § 1920(1); (2) $8,165.35 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case under § 1920(2), and (3) $285.14 costs of printing copies of its appellate briefing. The $400.00 filing fee for filing the notice of removal in this court is proper and taxable under § 1920(1) and is therefore allowed.

Defendant's request for fees for printed or electronically recorded transcripts, however, includes costs for expedited preparation of the transcript, exhibit fees, "Veritext Virtual Primary Participants," "Litigation Package-Secure File Suite," "Veritext Exhibit Package (ACE)", exhibit sharing fees and witness read and sign fees. As plaintiff has observed, this court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing many of those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition").

In response, defendant contends that many of the challenged fees, at least as they relate to depositions of Michael Russell individually and as Rule 30(b)(6) representative of plaintiff, are taxable. Specifically, although defendant states it no longer seeks to tax the cost of the "Veritext Exhibit Package (ACE file)" and "Litigation Package Secure File Suite" fees for those depositions,

3

it contends that the remainder of the challenged fees for those depositions were incident and inextricably linked to the court reporter's fees for conducting depositions remotely via video technology. Defendant states that the parties agreed to conduct those two depositions remotely due to the COVID-19 pandemic and the various locations of the parties and counsel. See Reply [DE-113] at pp. 4-5. Defendant further states that the exhibits fee, exhibit share, and "Veritext Virtual Primary Participants" fees are, according to the court reporter service used by defendant, fees associated with and necessary to conduct remote depositions. See Decl. of Craig Lees [DE-113-1] ¶¶ 4-8. Based upon this showing, the clerk finds that exhibits fees, exhibit share, and "Veritext Virtual Primary Participants" fees for the depositions of Michael Russell individually and as Rule 30(b)(6) representative of plaintiff are taxable in this case and are therefore allowed. The clerk does not, however, make the same finding as to the expedited processing fees for those transcripts where the parties scheduled the relevant depositions during the discovery period and in advance of the dispositive motions deadline. Additionally, the clerk does not find the exhibit fee, litigation package fees and witness read and sign services fee for the remainder of the depositions to be taxable. In sum, $5,442.35[1] is taxable pursuant to § 1920(2) and is allowed.

Finally, defendant seeks $285.14 costs for printing copies of its appellate briefing. This court's authority to award costs is limited by Rule 39(e) of the Federal Rules of Appellate Procedure. That rule provides that "[a] party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill

---

[1] This sum includes: (1) for the deposition of Michael Russell individually the original transcript fee of $1,122.00, the attendance fee of $155.00, the exhibits fee of $122.00, the Veritext Virtual Primary Participants fee of $295.00, and the exhibit share fee of $345.00; (2) for the Rule 30(b)(6) deposition of plaintiff the original transcript fee of $1,139.00, the attendance fee of $155.00, the exhibits fee of $78.00, the Veritext Virtual Primary Participants Fee of $295.00, and the exhibit share fee of $345.00; (3) for the deposition of Eric Todd, the original transcript fee of $658.80; (4) for the deposition of Eric Todd and Craig Cheek as defendant's Rule 30(b)(6) designees, the original transcript fee of $379.75; (5) for the deposition of Samantha Steger, the original transcript fee of $129.85; and (6) for the transcript of Jennifer Creech, the transcript fee of $222.95.

4

of costs." Fed. R. App. P. 39(d)(1). Only certain delineated appellate costs may be sought and taxed in the district court, including "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing a notice of appeal." Fed. R. App. P. 39(e). The costs sought by defendant for copying appellate briefs do not fall within that rule, and as such, they must be sought in the Fourth Circuit Court of Appeals. See Batton v. Commc'n Workers of Am., No. 2:13CV426, 2016 WL 208518, at *2 (E.D. Va. Jan. 14, 2016) (denying a request for costs of copies of an appellate brief and appendix because the bill of cost must be filed with the circuit clerk); Stollings v. Ryobi Techs., Inc., NO. 08 C 4006, 2015 WL 4100479, at *8 (N.D. Ill. July 6, 2015) (taxing a party's costs for filing a notice of appeal but denying the remaining appellate costs "because Rule 39(e) does not cover the costs of . . . copying, or printing briefs"); Dempsey v. Colvin, No. 1:09CV790-SRW, 2013 WL 3280319, at *4 (M.D. Ala. June 27, 2013) ("The costs plaintiff incurred in copying her appellate briefs and record exerts are not among those that Rule 39 authorizes this court to tax."). Accordingly, defendant's request to tax costs for copying appellate briefs is denied.

## CONCLUSION

In summary, defendant's supplemental for bill of costs [DE-124] is GRANTED in part. Costs in the amount of $5,842.35 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the /// day of September, 2024.

Peter A. Moore, Jr.
Clerk of Court